## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No.

**RIVER LIGHT V, L.P**., a Delaware
limited partnership, and **TORY BURCH LLC**,
a Delaware limited liability company,

              Plaintiffs,

v.

**THE HYMAN COMPANIES, INC. D/B/A
LANDAU**,

              Defendant.

_____

## COMPLAINT FOR TRADEMARK COUNTERFEITING, TRADEMARK INFRINGEMENT, COPYRIGHT INFRINGEMENT, AND RELATED CLAIMS

Plaintiffs, RIVER LIGHT V, L.P. (hereinafter "River Light") and TORY BURCH LLC (hereinafter "TBL") (collectively "Tory Burch"), hereby bring this action against Defendant, THE HYMAN COMPANIES, INC. D/B/A LANDAU (hereinafter "Landau" or "Defendant"), and allege the following:

### NATURE OF THE ACTION

1.    This is an action for trademark counterfeiting, trademark infringement, unfair competition, and trademark dilution pursuant to the Lanham Act (15 U.S.C. § 1051, *et seq.*); copyright infringement pursuant to the United States Copyright Act (17 U.S.C. § 501, *et. seq*.); trademark dilution pursuant to Fla. Stat. § 495.151; deceptive and unfair trade practices pursuant to Fla. Stat. § 501.201; and unfair competition and unjust enrichment pursuant to the common law of the State of Florida.

2.     For over a decade, Tory Burch, together with its authorized licensees, has exclusively used the distinctive and famous logo shown here, ⊕ (the "TT Logo"), as its core branding element in connection with the sale of its distinctive style of footwear, handbags, clothing, jewelry, and a variety of other products through TORY BURCH retail boutiques, select high-end speciality stores and department stores, and online at toryburch.com. Tory Burch operates at least two retail boutiques within this District (i.e., at the Bal Harbour Shops and at the Aventura Mall).

3.     Tory Burch owns numerous federal trademark registrations (many of which are incontestable) for the TT Logo and variations thereof that are set forth in Paragraph 21 below (collectively the "TT Designs"), as well as the TORY BURCH word mark.  The TT Designs and the TORY BURCH word mark are collectively referred to as the "Tory Burch Trademarks."

4.     Tory Burch also owns a valid and subsisting copyright registration for the TT Logo (U.S. Reg. No. VA 1-768-387) (collectively the "TT Copyright"). A true and correct copy of the TT Copyright is attached hereto as Exhibit A.  The TT Copyright and the Tory Burch Trademarks are collectively referred to as the "Tory Burch Intellectual Property."

5.     Tory Burch has invested significant time, energy, and hundreds of millions of dollars in the advertising, promotion, and offering of its goods and services under the Tory Burch Intellectual Property, which appears on virtually all of Tory Burch's products.  The Tory Burch Intellectual Property is uniquely associated with the TORY BURCH brand and has come to symbolize the high quality that consumers can expect

2

from Tory Burch's products. Accordingly, Tory Burch enjoys strong consumer loyalty, recognition, and goodwill in the Tory Burch Intellectual Property.

6. The TT Logo is particularly famous and embodies an enormous amount of goodwill, which is a valuable asset of the company.

7. Reflecting its popularity and iconic status, the TT Logo and other Tory Burch Trademarks are often infringed and counterfeited, and Tory Burch enforces its rights through legal actions. Tory Burch has spent significant resources protecting its trademarks and copyrighted designs from infringers unlawfully and unfairly attempting to capitalize on Tory Burch's goodwill.

8. Tory Burch's claims in the present action arise from Defendant's unauthorized manufacture, production, distribution, advertisement, offer for sale, and/or sale of jewelry bearing confusingly similar and/or substantially indistinguishable imitations of the Tory Burch Trademarks (the "Counterfeit Products"). Specifically, upon information and belief, Defendant has blatantly and intentionally offered for sale the Counterfeit Products in an apparent attempt to build its business by trading off of the goodwill and commercial value Tory Burch has built up in the Tory Burch Intellectual Property.

9. Defendant is not connected or affiliated with Tory Burch in any way, nor do they have permission from Tory Burch to use the Tory Burch Intellectual Property. Rather, Defendant is blatantly exploiting the Tory Burch Intellectual Property for its own commercial gain, intending to confuse and deceive the public by drawing on Tory Burch's goodwill. By offering for sale the Counterfeit Products, Defendant is likely to

**FRIEDLAND VINING, P.A.** • 1500 San Remo Ave., Suite 200, Coral Gables, Florida 33146 •
(305) 777-1720 • (305) 456-4922 telecopier

cause confusion and to deceive consumers and the public regarding the source of Defendant's merchandise, all to the detriment of Tory Burch.

10.    Moreover, the overall manner in which Defendant designs, markets, and sells its Counterfeit Products replicates the Tory Burch merchandising aesthetic and makes clear that Defendant's adoption and use of the infringing designs is not merely a coincidence.

11.    The United States District Court for the Southern District of New York recently entered summary judgment in favor of Tory Burch for trademark counterfeiting and trademark infringement against Lin & J Int'l, Inc., the manufacturer of Landau's Counterfeit Products. *See River Light V, L.P., v. Lin & J Int'l, Inc.*, No. 13-civ-3668, 2014 WL 6850966, *16 (S.D.N.Y. Dec. 4, 2014). In the *Lin & J*, the district court concluded that the design at issue - the **exact same design** that appears on Landau's Counterfeit Products – is "substantially indistinguishable" from Tory Burch's "very distinctive" TT Logo. *Id.*



12.    Defendant's infringement and dilution of the Tory Burch Intellectual Property has and will continue to irreparably harm Tory Burch and the substantial

**FRIEDLAND VINING, P.A.** • 1500 San Remo Ave., Suite 200, Coral Gables, Florida 33146 •
(305) 777-1720 • (305) 456-4922 telecopier

goodwill it has developed in its brand. It also has and will continue to cause monetary harm in an amount to be determined at trial.

JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because this action involves substantial claims arising under the Lanham Act and the U.S. Copyright Act. This Court has jurisdiction over Tory Burch's related state and common law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

14.     This Court has personal jurisdiction over Defendant because Defendant has distributed, offered for sale, and/or sold the Counterfeit Products within this State (and specifically within this District), has engaged in acts or omissions within this State causing injury, has manufactured or distributed products used or consumed within this State in the ordinary course of trade, or has otherwise made contacts with this State sufficient to permit the exercise of personal jurisdiction.

15.     This District is a proper venue pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts or omissions giving rise to Tory Burch's claims occurred in this District. Specifically, Defendant has personally sold the Counterfeit Products to consumers from within this District at its retail store at Dadeland Mall.

THE PARTIES

16.     Plaintiff TBL is a limited liability company organized and existing under the laws of the State of Delaware, having its principal place of business at 11 West 19th St., 7th Floor, New York, NY 10011.

5

17.     Plaintiff River Light is a limited partnership organized and existing under the laws of the State of Delaware, having its principal place of business at 11 West 19th St., 7th Floor, New York, NY 10011.  River Light is the record owner of the intellectual property, including the trademarks and copyright, at issue in the instant action and licenses such trademarks and copyright exclusively to its affiliate TBL in the United States for use and sub-licensing in connection with TBL's business.

18.     On information and belief, Defendant Landau is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 727 N. Meadow St., Allentown, Pennsylvania 18102.

FACTUAL ALLEGATIONS

The Famous TORY BURCH Brand and Tory Burch Products

19.     Tory Burch launched in 2004 out of a small boutique in Manhattan's NoLita neighborhood. In ten years, it has grown into a billion dollar fashion powerhouse with more than 2,000 employees and more than 100 Tory Burch stores worldwide. In addition, Tory Burch operates a multi-channel business platform in more than fifty countries across four continents, and the fashion line is carried in over 1,000 department and specialty stores worldwide, including well-known retailers such as Saks Fifth Avenue, Bergdorf Goodman, Neiman Marcus, Nordstrom, and Bloomingdale's.

20.     Tory Burch's distinctive TT Logo is the heart of the TORY BURCH brand. It is used in connection with high-quality women's footwear, handbags, clothing, accessories, eyewear, jewelry, housewares and related products.

6

21.    Tory Burch is the owner of the entire right, title and interest in and to the Tory Burch Trademarks, and owns various trademark registrations and applications for the Tory Burch Trademarks for a variety of goods and services, including but not limited to the following U.S. trademark registrations for jewelry:

| Reg. No. | Depiction of Mark | Representative Goods |
|---|---|---|
| 3,029,795 | | Jewelry |
| 4,345,878 | | Jewelry |
| 4,363,739 | | Jewelry |

22.    The foregoing registrations for the Tory Burch Trademarks are valid, subsisting, and irrevocable.   True and correct copies of the above registrations and applications are attached hereto as Exhibit B.

23.    Additionally, Tory Burch has common law trademark rights in the Tory Burch Trademarks for use in connection with jewelry, handbags, footwear, eyewear, apparel, and other goods, as well as retail store services.

7

24.     Tory Burch began selling handbags, jewelry, and related accessories bearing the Tory Burch Intellectual Property at least as early as 2004 (the "Tory Burch Products"). Tory Burch Products are distributed through a carefully controlled network of authorized retailers, including high-end department stores, select quality boutiques, as well as TORY BURCH retail boutiques and toryburch.com. *Lin & J*, 2014 WL 6850966, at *1 (granting Tory Burch's motion for summary judgment as to defendant's liability for trademark infringement and noting that sales of TORY BURCH brand products are limited to a network of authorized retailers).

25.     Tory Burch maintains strict quality control standards for all Tory Burch Products.  *Lin & J*, 2014 WL 6850966, *2 (noting Tory Burch's strict quality control standards).  Such control is necessary, as the TORY BURCH brand, similar to other high-end brands with recognizable logos, is the subject of counterfeiting and infringement. Since its inception, Tory Burch has spent significant resources to protect its rights in the Tory Burch Intellectual Property, including but not limited to legal actions and seizures of counterfeit goods.

26.     Over the past decade, the TORY BURCH brand has seen a meteoric rise in recognition and popularity. *Lin & J*, 2014 WL 6850966, *1 (noting that TORY BURCH is a "well-known fashion brand"). In 2013 alone, Tory Burch earned sales revenues in excess of $900 million. Moreover, Tory Burch has invested hundreds of millions of dollars in marketing and advertising its goods, marks and designs.

27.     The TORY BURCH brand has a strong media presence and is frequently covered by fashion blogs, magazines, newspapers, and talk shows. One of the earliest

8

defining moments for Tory Burch was in 2005 when Oprah Winfrey endorsed the brand on her talk show.

28.     Social media platforms are frequently active with buzz about the TORY BURCH brand, with fans posting photos of recent purchases, commenting on current and future collections, and "pinning" photos of desired products on Pinterest. The TORY BURCH brand has over 1,300,000 likes on Facebook and Ms. Tory Burch has over 670,000 followers on Instagram and over 341,000 followers on Twitter.

29.     Tory Burch Products are particularly popular among the fashion conscious and celebrity trend-setters. Celebrities frequently seen wearing TORY BURCH products include Blake Lively, Oprah Winfrey, Jennifer Lopez, Rashida Jones, Jessica Alba, Hilary Swank, Sarah Jessica Parker, Reese Witherspoon, Pippa Middleton, and Anne Hathaway. Recently, Kate Middleton was photographed wearing a graphic print TORY BURCH dress during a "play date" with Prince George in New Zealand, and the dress old out almost immediately on Tory Burch's website and every other online retailer.

30.     Not surprisingly, Tory Burch has received many awards and accolades, including (i) the 2008 Accessories Designer of the Year award from the Council of Fashion Designers of America; (ii) the 2007 Accessory Brand Launch of the Year award from the Accessories Counsel of Excellence; and (iii) the 2005 Rising Star Award for Best New Retail Concept from Fashion Group International.

31.     The TT Logo in particular is frequently the subject of unsolicited media coverage and has been repeatedly recognized for its popularity and iconic status:

· "**iconic double-T medallion**" ("Pretty Smart," Fast Company, September 2014);

9

· "now **instantly recognizable double T logo**" (Rubenstein, Hal, "The Tory Effect,"  Delta Sky, May 2014);

· "It's **the double T medallion that has women screaming** . . ." (NBC Today Show, September 26, 2013);

· "**distinctive double-T logo**" (Forbes, Moira, "Tory Burch's Seven Lessons for Entrepreneurs," Forbes, May 22, 2013);

· "**a stacked-T logo as instantly recognizable** as those of brands established generations prior" (Gaffney, Adrienne, "Tory Burch," The Wall Street Journal, October 26, 2012);

· "the **iconic Tory Burch logo**" ("Madder Men," Forbes, May 7, 2012);

· "bold prints and the **double-T logo medallion are hallmarks** of the affordable luxury Tory Burch brand" (Amato-McCoy, Deena M., "Tory Burch," Apparel, May 1, 2012);

· "[The Tory Burch] line, **with its distinctive double T logo**, is now in hundreds of department stores" (CBS News Sunday Morning, January 29, 2012);

· "But **the foundation of Burch's brand is her logo, two graphically styled T's. The logo has shaped Burch's concept from the beginning and is one of the most recognizable fashion icons**." ("Designer Tory Burch Resonates with Us," November 10, 2011);

· the "**signature double-T medallion**" (Sapienza, Terri, "Clothes to Home with Tory Burch," The Denver Post, October 24, 2011);

· "the **near-ubiquitous double-T logo**" (Cardwell, Diane, "Where Fashion Types Talk of Summer Travel," New York Times, June 25, 2011); and

· "**The famous double T LOGO** . . . is Tory Burch's most famous . . ." (Urban Dictionary, "Tory Burch").

32.     As a result of Tory Burch's exclusive and extensive use and promotion of the Tory Burch Intellectual Property for many years, the Tory Burch Intellectual Property has acquired enormous value and recognition in the United States and elsewhere throughout the world, all of which inures to the benefit of Tory Burch.  Consumers, potential customers and other members of the public not only associate the Tory Burch

10

Intellectual Property with exceptional materials, style and workmanship approved by Tory Burch, but also recognize that merchandise bearing the Tory Burch Intellectual Property originates exclusively with Tory Burch. Accordingly, the Tory Burch Intellectual Property is a symbol of Tory Burch's quality, reputation and goodwill, and serves as an instant source identifier for Tory Burch. *See Lin & J*, 2014 WL 6850966, at *1 (noting Tory Burch's continuous and extensive promotion of the TT Logo as a source identifier for many of its products since 2004)

<u>Defendant's Infringing Conduct</u>

33.     On information and belief, Defendant designs, sources, markets, offers for sale, and/or sells jewelry in interstate commerce that bear counterfeit and confusingly similar imitations of the Tory Burch Trademarks and designs that are knock-offs of the Tory Burch Products.

34.     Defendant's willfulness and malicious intent in infringing the TT Trademarks and TT Copyright and blatant trading off of the Tory Burch brand is even more readily apparent in Defendant's advertising for the Counterfeit Products. Specifically, Defendant concedes, in store signage in designed (at the Dadeland Mall), that the Counterfeit Products "look familiar" to genuine Tory Burch products:

11



35.     Such signage evidences Defendant's knowledge of the TT Trademarks and TT Copyright, its intent to trade off of the TT Trademarks and TT Copyright and the goodwill inherent in the Tory Burch brand and its efforts to target consumers within this District.

36.     Defendant is not authorized and never has been authorized by Tory Burch to produce, manufacture, distribute, advertise, offer for sale, and/or sell merchandise bearing the Tory Burch Intellectual Property, or any variations thereof.

37.     Upon information and belief, the breadth of Defendant's counterfeiting is extensive.  During the course of its investigation, Tory Burch has identified thousands of units of Defendant's Counterfeit Products available for purchase at Landau retail stores throughout the United States, including within this District.

38.     Upon information and belief, the Counterfeit Products are of a quality substantially inferior to Tory Burch Products.

12

39.    On information and belief, Defendant was familiar with and has access to the famous Tory Burch Trademarks, the TT Copyright, and Tory Burch Products when it created, began offering for sale, and selling the Counterfeit Products. On further information and belief, Defendant intentionally designed or selected its merchandise to mislead and deceive consumers into believing that its merchandise was sold, authorized, or licensed by Tory Burch.

40.    The Counterfeit Products distributed, offered for sale, and sold by Defendant are not manufactured by Tory Burch, nor is Defendant associated or connected with Tory Burch, or licensed, authorized, sponsored, endorsed, or approved by Tory Burch in any way.

41.    Defendant's use of substantially indistinguishable and/or confusingly similar imitations of the Tory Burch Intellectual Property is likely to deceive, confuse, and mislead purchasers and prospective purchasers into believing that merchandise sold by Defendant is manufactured by, authorized by, or in some manner associated with Tory Burch, which it is not. The likelihood of confusion, mistake, and deception engendered by Defendant's misappropriation of the Tory Burch Intellectual Property is causing irreparable harm to the goodwill symbolized by the Tory Burch Intellectual Property and the reputation for quality that said marks embody.

42.    Similarly, the *Lin & J* court determined, in granting summary judgment in favor of Tory Burch and against Lin & J, the source of Defendant's Counterfeit Products, that "members of the public are quite likely to mistake the [Counterfeit] Products for genuine Tory Burch products. This creates an incentive for purchasers of the

**FRIEDLAND VINING, P.A.** • 1500 San Remo Ave., Suite 200, Coral Gables, Florida 33146 •
(305) 777-1720 • (305) 456-4922 telecopier

[Counterfeit] Products to 'confus[e] the viewing public and achiev[e] the status of owning the genuine [Tory Burch] article at a [somewhat lower] price.'" *See Lin & J*, 2014 WL 6850966, at *13 (internal citations omitted). On information and belief, this incentive was the motivation behind Defendant's store signage referenced above.

43.     On information and belief, Defendant knowingly, willfully, intentionally, and maliciously adopted and used confusingly similar and/or substantially indistinguishable imitations of the Tory Burch Trademarks.

44.     On information and belief, Defendant had access to and copied the TT Copyright.

45.     On information and belief, Defendant intentionally infringed the TT Copyright by creating and distributing the Counterfeit Products, which bear designs substantially similar to the TT Copyright, without Tory Burch's consent or authorization.

<u>FIRST CLAIM FOR RELIEF</u>
(Federal Trademark Counterfeiting)

46.     Tory Burch repeats and incorporates Paragraphs 1 through 45 inclusive as if set forth verbatim herein.

47.     The registrations embodying the Tory Burch Trademarks are in full force and effect, and the Tory Burch Trademarks are entitled to protection under both federal law and common law.

48.     Defendant, without authorization from Tory Burch, has used and is continuing to use spurious designations that are identical to, or substantially indistinguishable from, the Tory Burch Trademarks in interstate commerce.

14

49.     The foregoing acts of Defendant are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that the Counterfeit Products are genuine or authorized Tory Burch Products.

50.     Upon information and belief, Defendant has acted with knowledge of Tory Burch's ownership of the Tory Burch Trademarks and with deliberate intention or reckless disregard to unfairly benefit from the incalculable goodwill inherent in the Tory Burch Trademarks.

51.     Defendant's acts constitute trademark counterfeiting in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

52.     Upon information and belief, Defendant has made and will continue to make substantial profits and gains to which it is not in law or equity entitled.

53.     Upon information and belief, Defendant intends to continue its infringing acts, unless restrained by this Court.

54.     Defendant's acts have damaged and will continue to damage Tory Burch, and Tory Burch has no adequate remedy at law.

55.     In light of the foregoing, Tory Burch is entitled to and demands injunctive relief prohibiting Defendant from using the Tory Burch Trademarks or any marks identical and/or confusingly similar thereto for any purpose, and to recover from Defendant all damages, including attorneys' fees, that Tory Burch has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendant as a result thereof, in an amount not yet known, as well as the costs of this

15

action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C. § 1117(c).

<u>SECOND CLAIM FOR RELIEF</u>
(Federal Trademark Infringement)

56.     Tory Burch repeats and incorporates Paragraphs 1 through 45 inclusive as if set forth verbatim herein.

57.     The Tory Burch Trademarks are nationally recognized, including within this Judicial District, as being affixed to goods and merchandise of the highest quality and originating with Tory Burch.

58.     The registrations embodying the Tory Burch Trademarks are in full force and effect, and the Tory Burch Trademarks are entitled to protection under both federal law and common law.

59.     Defendant's unauthorized use of the Tory Burch Trademarks in interstate commerce constitutes false designation of origin and a false representation that Defendant's goods and services are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Tory Burch, or come from the same source as Tory Burch Products and are of the same quality as goods bearing the Tory Burch Trademarks.

60.     Defendant's use of the Tory Burch Trademarks is without the permission or authorization of Tory Burch and is in total and willful disregard of Tory Burch's rights to control the Tory Burch Trademarks.

61.     Defendant's activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Tory Burch has produced,

**FRIEDLAND VINING, P.A.** • 1500 San Remo Ave., Suite 200, Coral Gables, Florida 33146 •
(305) 777-1720 • (305) 456-4922 telecopier

sponsored, authorized, licensed or is otherwise connected or affiliated with Defendant's commercial and business activities, all to the detriment of Tory Burch.

62.     Upon information and belief, Defendant's acts are deliberate and intended to confuse the public as to the source of Defendant's goods or services, to injure Tory Burch, and/or to reap the benefit of Tory Burch's goodwill associated with the Tory Burch Trademarks.

63.     As a direct and proximate result of Defendant's willful and unlawful conduct, Tory Burch has been damaged and will continue to suffer damage to its business and reputation unless Defendant is restrained by this Court from infringing the Tory Burch Trademarks.

64.     Defendant's acts have damaged and will continue to damage Tory Burch, and Tory Burch has no adequate remedy at law.

65.     In light of the foregoing, Tory Burch is entitled to injunctive relief prohibiting Defendant from using the Tory Burch Trademarks or any marks identical and/or confusingly similar thereto for any purpose, and to recover from Defendant all damages, including attorneys' fees, that Tory Burch has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendant as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C. § 1117(c).

17

### THIRD CLAIM FOR RELIEF
(Federal Unfair Competition)

66.     Tory Burch repeats and incorporates Paragraphs 1 through 45 inclusive as if set forth verbatim herein.

67.     The Tory Burch Trademarks are nonfunctional, inherently distinctive, have achieved a high degree of consumer recognition, and serve to identify Tory Burch as the source of high-quality goods to which the Tory Burch Trademarks are affixed.

68.     Defendant's promotion, advertising, distribution, marketing, sale, and/or offering for sale of the Counterfeit Products is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of the Counterfeit Products, and is intended, and is likely, to cause such parties to believe, in error, that Defendant's Counterfeit Products have been authorized, sponsored, approved, endorsed or licensed by Tory Burch, or that Defendant is in some way affiliated with Tory Burch, which it is not.

69.     Defendant's use of the Tory Burch Trademarks is without Tory Burch's permission or authority and is in total and willful disregard of Tory Burch's rights to control the Tory Burch Trademarks.

70.     Defendant's acts have damaged and will continue to damage Tory Burch and Tory Burch has no adequate remedy at law.

71.     In light of the foregoing, Tory Burch is entitled to injunctive relief prohibiting Defendant from using the Tory Burch Trademarks, or any marks confusingly similar thereto, and to recover all damages, including attorneys' fees, that Tory Burch has sustained and will sustain, and all gains, profits and advantages obtained by Defendant as

18

a result of its infringing acts alleged above in an amount not yet known, as well as the costs of this action.

## FOURTH CLAIM FOR RELIEF
(Federal Trademark Dilution)

72.     Tory Burch repeats and incorporates Paragraphs 1 through 45 inclusive as if set forth verbatim herein.

73.     The Tory Burch Trademarks are strong and distinctive marks and have achieved enormous and widespread public recognition, and are thus "famous" within the meaning of the Lanham Act.

74.     Defendant has used, in commerce, in connection with the sale of the Counterfeit Products, unauthorized reproductions of the Tory Burch Trademarks, which are likely to cause, and most likely have caused, confusion or mistake as to the affiliation, connection, or association between Defendant and Tory Burch, or as to the origin, sponsorship, or approval of said Counterfeit Products by Tory Burch, which Tory Burch has not given.

75.     Defendant's acts described above have diluted and continue to dilute the unique and distinctive Tory Burch Trademarks.  These acts violate the Lanham Act, have injured and, unless immediately restrained, will continue to injure Tory Burch, causing damage to Tory Burch in an amount to be determined at trial, and have caused irreparable injury to the goodwill and reputation associated with the Tory Burch Trademarks.

76.     Upon information and belief, Defendant's unlawful actions began after the Tory Burch Trademarks became famous.

19

77.     Upon information and belief, Defendant acted knowingly, deliberately and willfully with the intent to trade on the reputation of the TORY BURCH brand, and to dilute the Tory Burch Trademarks. Defendant's conduct is willful, wanton, and egregious.

78.     Tory Burch has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused to Tory Burch by Defendant's unlawful acts unless Defendant is enjoined by this Court.

79.     In light of the foregoing, Tory Burch is entitled to injunctive relief prohibiting Defendant from using the Tory Burch Trademarks, and to recover all damages, including attorneys' fees, that Tory Burch has sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a result of its infringing acts alleged above in an amount not yet known, as well as the costs of this action.

FIFTH CLAIM FOR RELIEF
(Federal Copyright Infringement)

80.     Tory Burch repeats and incorporates Paragraphs 1 through 45 inclusive as if set forth verbatim herein.

81.     Tory Burch owns at least one copyright registration for the TT Copyright.

82.     Tory Burch has complied in all respects with the Copyright Act and with all other laws governing copyright in connection with its registered works.  Tory Burch is the proprietor of all rights, title, and interest to the TT Copyright.

83.     As the owner of the TT Copyright, Tory Burch is entitled to exclusive use of these designs without unauthorized use by third parties.

20

84.     Given the widespread popularity of the Tory Burch Products bearing the TT Copyright, on information and belief, Defendant had access to said copyrighted works and, upon information and belief, Defendant has knowingly infringed upon said designs by manufacturing, distributing, advertising and selling identical and/or substantially similar copies of the designs to the public in violation of 17 U.S.C. § 501.

85.     Upon information and belief, Defendant has intentionally, knowingly, and willfully copied the TT Copyright in order to personally benefit from the widespread customer recognition and acceptance of the TT Copyright, and to capitalize upon the market created by Tory Burch.

86.     Upon information and belief, the aforesaid infringements by Defendant of the TT Copyright occurred and continues to occur with Defendant's knowledge that the TT Copyright is a copyrighted design and Defendant, in committing the acts complained of herein, has willfully infringed upon Tory Burch's rights under the Copyright Laws of the United States, Title 17 U.S.C. § 101, *et seq.*

87.     Defendant's infringement of the TT Copyright irreparably damages Tory Burch, and Tory Burch is informed and believes that Defendant will continue such infringement unless enjoined by this Court.

88.     Tory Burch has suffered a loss of profits and other damages, and Defendant has earned illegal profits in an amount to be proven at trial, as the result of the aforesaid acts of Defendant.

89.     Tory Burch has no adequate remedy at law.

**FRIEDLAND VINING, P.A.** • 1500 San Remo Ave., Suite 200, Coral Gables, Florida 33146 •
(305) 777-1720 • (305) 456-4922 telecopier

90.     In light of the foregoing, Tory Burch is entitled to injunctive relief prohibiting Defendant from using any of Tory Burch's copyrighted works, including the TT Copyright, and to recover from Defendant all damages, including attorneys' fees, that Tory Burch has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendant as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 17 U.S.C. § 504(b) or statutory damages pursuant to 17 U.S.C. § 504(b), and attorneys' fees and treble damages pursuant to 17 U.S.C. § 505(b).

<u>SIXTH CLAIM FOR RELIEF</u>
(Florida Trademark Dilution and Injury to Business Reputation)

91.     Tory Burch repeats and incorporates Paragraphs 1 through 45 inclusive as if set forth verbatim herein.

92.     Tory Burch has extensively and continuously promoted and used the Tory Burch Trademarks both in the United States and throughout the world, and the Tory Burch Trademarks have become distinctive, famous and well-known symbols of Tory Burch.

93.     Defendant's unauthorized use of the registered Tory Burch Trademarks dilutes and is likely to dilute the distinctiveness of the Tory Burch Trademarks by eroding the public's exclusive identification of these famous and well-known marks with Tory Burch, and tarnishing and degrading the positive associations and prestigious connotations of said marks.

94.     Defendant is causing and will continue to cause irreparable injury to Tory Burch's goodwill and business reputation, and dilution of the distinctiveness and value of

**FRIEDLAND VINING, P.A.** • 1500 San Remo Ave., Suite 200, Coral Gables, Florida 33146 •
(305) 777-1720 • (305) 456-4922 telecopier

the famous and distinctive Tory Burch Trademarks in violation of Florida law, Fla. Stat. § 495.151.

95.     In light of the foregoing, Tory Burch is therefore entitled to injunctive relief, damages and costs, as well as, if appropriate, enhanced damages and reasonable attorneys' fees.

<u>SEVENTH CLAIM FOR RELIEF</u>
(Common Law Trademark Infringement and Unfair Competition)

96.     Tory Burch repeats and incorporates Paragraphs 1 through 45 inclusive as if set forth verbatim herein.

97.     Defendant's acts constitute common law trademark infringement and unfair competition, and have created and will continue to create a likelihood of confusion to the irreparable injury of Tory Burch unless restrained by this Court.  Tory Burch has no adequate remedy at law for this injury.

98.     On information and belief, Defendant acted with full knowledge of Tory Burch's use of and statutory and common law rights to the Tory Burch Trademarks, and without regard to the likelihood of confusion of the public created by Defendant's activities.

99.     Defendant's actions demonstrate an intentional, willful and malicious intent to trade on the goodwill associated with the Tory Burch Trademarks to the great and irreparable injury of Tory Burch.

100.     As a result of Defendant's acts, Tory Burch has been damaged in an amount not yet determined or ascertainable.  At a minimum, however, Tory Burch is entitled to injunctive relief, an accounting of Defendant's profits resulting from

**FRIEDLAND VINING, P.A.** • 1500 San Remo Ave., Suite 200, Coral Gables, Florida 33146 •
(305) 777-1720 • (305) 456-4922 telecopier

Defendant's said acts, damages, and costs. In light of the deliberately fraudulent and malicious use of identical and/or confusingly similar imitations of the Tory Burch Trademarks, and the need to deter Defendant from similar misconduct, Tory Burch is also entitled to punitive damages.

PRAYER FOR RELIEF

WHEREFORE, Tory Burch prays that:

1. Defendant and all of its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, and/or under authority from Defendant, or in concert or participation with Defendant, be enjoined preliminarily and permanently by this Court, from:

a. using any trademark, service mark, name, logo, design and/or source designation of any kind on or in connection with Defendant's goods or services that is a copy, reproduction, colorable imitation, or simulation of, or is confusingly similar in any way to the Tory Burch Trademarks;

b. using any trademark, service mark, name, logo, design and/or source designation of any kind on or in connection with Defendant's goods or services that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by Tory Burch, or are sponsored or authorized by Tory Burch, or are in any way connected or related to Tory Burch;

c. using any trademark, service mark, name, logo, design and/or source designation of any kind on or in connection with Defendant's goods or services that dilutes or is likely to dilute the distinctiveness of the trademarks, service marks, name, logos and/or

24

designs of Tory Burch, including but not limited to the Tory Burch Trademarks and the TT Copyright;

d.     passing off, palming off, or assisting in the passing off or palming off of Defendant's goods or services as those of Tory Burch, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint; and

e.     further infringement of the TT Copyright in any manner, including inducing others to infringe said copyrighted design, and/or contributing to such infringement;

2.   Defendant be ordered to recall all products bearing the Tory Burch Trademarks or TT Copyright or any other indicia confusingly or substantially similar thereof, which have been shipped by Defendant or under its authority, to any customer, including, but not limited to, any wholesaler, distributor, retailer, consignor, or marketer, and also to deliver to each customer a copy of this Court's order as it relates to said injunctive relief against Defendant;

3.   Defendant be ordered to deliver for impoundment and destruction all merchandise, bags, boxes, labels, tags, signs, packages, receptacles, advertising, sample books, promotional materials, stationery and/or other materials in the possession, custody, or under the control of Defendant which are found to adopt, infringe, or dilute any of the Tory Burch Trademarks or TT Copyright, or which otherwise unfairly compete with Tory Burch and its products and services;

4.   Defendant be ordered to file with this Court and serve upon Tory Burch, within thirty (30) days of the entry of the injunction prayed for herein, a report in writing under oath and setting forth in detail the form and manner in which Defendant has complied with said permanent injunction, pursuant to 15 U.S.C. 1116(a);

**FRIEDLAND VINING, P.A.** • 1500 San Remo Ave., Suite 200, Coral Gables, Florida 33146 •
(305) 777-1720 • (305) 456-4922 telecopier

5. Defendant be compelled to account to Tory Burch for any and all sales and profits derived by Defendant from the sale or distribution of the Counterfeit Products as described in this Complaint;

6. Defendant be ordered to disclose its supplier(s) and manufacturer(s) of the Counterfeit Products and provide all documents, correspondence, receipts, and/or invoices associated with the purchase of the Counterfeit Products;

7. Tory Burch be awarded all damages caused by the acts forming the basis of this Complaint;

8. Based on Defendant's knowing and intentional use of identical and/or confusingly similar imitations of the Tory Burch Trademarks, the damages award be trebled and the award of Defendant's profits be enhanced as provided for by 15 U.S.C. § 1117(a);

9. Defendant be required to pay to Tory Burch the costs of this action and Tory Burch's reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a) and the state statutes cited in this Complaint;

10. Based on Defendant's willful and deliberate infringement and dilution of the Tory Burch Trademarks, and to deter such conduct in the future, Tory Burch be awarded punitive damages;

11. Defendant be required to pay prejudgment interest on all damages and profits awards; and

12. Tory Burch has such other and further relief as this Court may deem just and equitable.

26

DATED:  May 29, 2015

Respectfully submitted,

FRIEDLAND VINING, P.A.

/s/Jaime Rich Vining
David K. Friedland
Florida Bar No. 833479
Email: dkf@friedlandvining.com
Jaime Rich Vining
Florida Bar No. 030932
Email: jrv@friedlandvining.com
1500 San Remo Ave., Suite 200
Coral Gables, FL 33146
(305) 777-1720 – telephone
(305) 456-4922 – facsimile

*Counsel for Plaintiffs*